# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0184, <u>State of New Hampshire v. Robert E. Pratt</u>, the court on May 14, 2021, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Robert E. Pratt, appeals his convictions for certain sexual assault crimes. On appeal, he argues that the Superior Court (<u>Bornstein</u>, J.) unsustainably exercised its discretion when it declined to admit as substantive evidence printouts from the website for the National Institutes of Health (NIH) regarding the possible side effects of various medications for which the victim had prescriptions. <u>See</u> <u>N.H. R. Ev.</u> 803(18). We affirm.

Defense counsel sought to admit the printouts as substantive exhibits after cross-examining the State's expert witness about them. The expert testified that the victim reported having prescriptions for certain medications. The expert testified that she was familiar with the NIH, that she had no reason to challenge the information contained in NIH pamphlets published on the NIH website, and that she understood that its "PubMed library for medications" was generally used by medical professionals to understand "what certain drugs are used for and what their benefits and what their side effects are." The expert was unaware that, according to the NIH, a side effect of one of the victim's medications is "unusual dreams," and that the side effects of another medication include hallucinating, "seeing things or hearing voices that do not exist," "believing things that are not true," and "feeling unusually suspicious of others."

After the expert witness was excused, defense counsel sought to introduce the printouts from the NIH website "as learned treatises" containing "information about what these drugs are used for and what these side effects are." <u>See</u> <u>N.H. R. Ev.</u> 803(18). The trial court assumed without deciding that the website printouts constituted reliable authority of which it could take judicial notice. <u>N.H. R. Ev</u>. 803(18)(B). However, the court declined to admit the printouts as substantive exhibits because they "contain a plethora of information that's utterly irrelevant to this case and would do nothing but confuse and mislead the jury." The court explained, "It would be like admitting the entirety of Gray's Anatomy, when a single sentence about the duodenum was what's sought to be admitted. That isn't what the rule contemplates." The court concluded that the printouts would "not assist the jury in any way," "invite[d] the jury to speculate," and had "little, if any, probative value at least for the purposes the Defense has identified." The court further noted that

there was already evidence that the victim was hallucinating on the night in question, and, according to offers of proof by counsel, the victim herself questioned whether the assault "was a dream." Accordingly, the court concluded, admitting the printouts substantively "would . . . result in the needless presentation of cumulative evidence." The court made clear that it was "not making any ruling about whether and to what extent [the printouts] may be used for impeachment purposes . . . when cross-examining the alleged victim or . . . any witness."

We review a trial court's decision on the admissibility of evidence for an unsustainable exercise of discretion. State v. Colbath, 171 N.H. 626, 632 (2019). "For the defendant to prevail under this standard, he must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case." Id. (quotation omitted). We review the record to determine whether it establishes an objective basis sufficient to sustain the trial court's discretionary judgment. Id.

Rule 803(18) provides that a statement contained in a treatise, periodical, or pamphlet is admissible as an exception to the hearsay rule if: "(A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." If the statement is admissible, it "may be read into evidence but not received as an exhibit unless the Court finds that the probative value of the statement as an exhibit outweighs the prejudicial effect of its admission." N.H. R. Ev. 803(18).

The trial court is in the best position to gauge the potential prejudicial impact of particular evidence. Colbath, 171 N.H. at 636. Therefore, we afford considerable deference to the trial court's balancing of prejudicial impact and probative worth. Id. Here, we conclude that the trial court reasonably concluded that the probative value of the printouts was outweighed by the prejudicial effect of their admission as substantive evidence. Accordingly, we uphold its decision.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2